IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. ORTEGA, | No. C 10-00178 SBA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SANTA CLARA COUNTY PUBLIC DEFENDER SONIA M. SMITH, et al., | |
| Defendants. / | |

## INTRODUCTION

Plaintiff Carlos A. Ortega, an inmate at the Santa Clara County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis (IFP).

Plaintiff seems to be asserting claims against public defenders arising out of their alleged failure to adequately defend him on pending criminal charges.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

1  (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v.</u>
2  <u>Atkins</u>, 487 U.S. 42, 48 (1988).

3  **B.     Legal Claims**

4        In the "Statement of Claim" section of his complaint, Plaintiff attempts to describe the
5  incident that resulted in criminal charges being brought against him.  Plaintiff's description of the
6  incident is difficult to understand, partly because of his poor grammar and lack of sentence structure.
7  He first states that since he has been represented by "Attorney Sonia M. Smith," he "tried to prove
8  [his] actual innocence."  (Compl. at 3.)  Plaintiff's description lacks specific detail; therefore, it is
9  unclear what he was charged with and when the incident occurred.[1]  He states: "On Case
10 #CC761488 I broke windows tried to leave and was attacked by Alex with a broom."  (<u>Id.</u>)  He also
11 includes the following allegation, "Officer tasrered [sic] me and hit me once."  (<u>Id.</u>)  Plaintiff claims
12 that he suffered "injuries by attack from Alex with a broom," that he "did not trie [sic] to hit Alex,"
13 and that he was "arrested."  (<u>Id.</u>)  And finally, Plaintiff claims that he received "no help from either
14 attorney."  (<u>Id.</u>)

15       The Defendants named in this action -- Sonia M. Smith, Jim Glesome, Jessica Delgado and
16 Jennifer Hultgren -- are public defenders.  Public defenders acting as attorneys for criminal
17 defendants do not act under color of state law, an essential element of an action under § 1983.
18 <u>Tower v. Glover</u>, 467 U.S. 914, 919-920 (1984); <u>Polk County v. Dodson</u>, 454 U.S. 312, 317-25
19 (1981).  Because no amendment could cure this defect, this case will be dismissed without leave to
20 amend.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000) (en banc) (district courts
21 must afford <u>pro se</u> prisoner litigants an opportunity to amend to correct any deficiency in their
22 complaints, unless no amendment could save the complaint).

23       Because Plaintiff only names the aforementioned public defenders in this action, any claim
24 dealing with excessive force allegation against the unnamed officer who arrested him must be

---

[1] The Court notes that in the "Relief" section of the complaint, Plaintiff states: "Drop assult [sic] charges 242 P.C.  Award montary [sic] damages of $4,000,000.00 for suffering and emotional damage." (Compl. at 3.)  Therefore, it seems that Plaintiff could be facing assault charges.

brought in a separate lawsuit after he has exhausted his administrative remedies pursuant to the Prison Litigation Reform Act of 1995.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claims against Defendants Smith, Glesome, Delgado and Hultgren are DISMISSED with prejudice.

The Clerk of the Court shall enter judgment, terminate all pending motions (docket no. 9), and close the file.

Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962); Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

This Order terminates Docket no. 9.

IT IS SO ORDERED.

DATED: 11/9/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CARLOS A. ORTEGA,

        Plaintiff,

  v.

SANTA CLARA COUNTY OF et al,

        Defendant.

Case Number: CV10-00178 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlos Armando Ortega #09071890
Santa Clara County Jail
CTL532
885 N. San Pedro Street
San Jose, CA 95110

Dated: November 10, 2010

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Ortega0178.dismiss.wpd4